Gilmore, J.
The errors assigned may be resolved into - the following:
1. The judgment was rendered for more than was due- *625 to the plaintiff below, including principal and interest, at the time of its rendition.
2. That the judgment was made to hear interest at the rate of seven per centum, payable quarterly until paid.
To determine the first, reference must be had to an act “ to amend an act fixing the rate o'f interest,” passed May 4, 1869 (66 Ohio L. 91), the first and second sections of which read as follows :
“ Sec. 1. That the parties to any bond, bill, promissory note, or other instrument of writing for the forbearance or payment of money at any future time, may stipulate therein for the payment of interest upon the amount of such bond, bill, note, or other instrument of writing at any rate not exceeding eight per centum per annum, payable annually.
“ Sec. 2. That upon all judgments, decrees, or orders rendered upon any bond, bill, note, or other instrument of writing containing stipulations for the payment of interest,, in accordance with the provisions of the first section of this act, interest shall be computed till payment at the rate specified in such bond, bill, note, or other instrument of writing.”
In all other cases, section 3 provides that the rate of interest shall be six per cent., and no more.
The loan in this case was made, and the notes sued on were executed and delivered in Ohio, and being an Ohio-transaction, it is to be governed by the laws of our state.. The fact that the notes were made payable in the city of New York does not affect the questions.
In support of the first assignment of error, counsel for the plaintiffs claim, substantially, that a proper construction of the contracts will not, extend the stipulated rate of interest beyond the maturity of the notes; and that the contract being silent as to the rate of interest after the maturity of the notes, the legal inference is that the principal and interest due and unpaid, are to bear the same rate of in *626 terest, which, after the maturity, is six per centum, and no more, until the notes are paid.
This claim, so far as it relates to the unpaid installment of interest in this case, is correct, for the reason that there is no stipulation in the contract that the installments of interest, if not paid as they fall due, shall hear any special rate of interest, and, in the absence of such a stipulation, section 8 of the law fixes the rate at six per centum per annum, and which rate the unpaid installment would bear from the time it was due until judgment was rendered. But the claim is not correct, as applicable to the principal of the notes. The rate of interest stipulated therein is lawful under section 1 of our statute, and it is expressly provided by section 2, that upon all judgments on such notes, “interest shall be computed till payment at the rate specified in the note.” If the judgment rendered upon the notes is to bear the stipulated rate of interest from its rendition until payment, the inference is irresistible that the notes after maturity and before judgment must bear the stipulated rate. In other words, the principal of a note will bear the stipulated rate of interest from the time it is due until it is paid, whether payment is made voluntarily or enforced by judgment and execution.
The provisions of the ten per cent, law of 1850 (Curwen’s Statutes, 1599), except as to the rate of interest allowable, were, in effect, the same as those of the act of 1869, above quoted, so that a construction given to a contract under the first, will apply equally under the latter act.
The case of Monnett v. Sturges, decided at the present term, ante 884, arose under the first named act, on a ten per cent, note, in which thex-e was a provision that if the note was not paid when due, “ the interest should be paid at that time, and on the first of December and first of June, semi-annually, thereafter, till paid;” and it was held: “ That a contx’act to pay a specified rate of interest, is a contract to pay interest at that x’ate until the principal debt is paid, and not merely for the time that the note is to run.” Counsel for plaintiffs in error seem to suppose that *627 the decision depended upon the express provision in the contract as to the payment of interest after maturity, and will not apply to the contracts in the present case, where the agreement is to pay “ interest at the rate of- seven per cent, per annum, payable quarterly,” during the time the notes had to run, and not after maturity. But this is not the case. The court was declaring the legal effect of an agreement to pay a rate of interest greater than six per cent., but not in excess of that allowed by the statute, without reference to the form, of the contract in that case. The- decision in Monnett’s case furnishes the rule that governs in this, on the point under consideration. The principal of the notes will bear seven per cent., and the quarterly installments of interest six per cent, from the time they respectively fell due, to the first day of the term at which the judgment was rendered; and computation on this basis will show the amount for which the judgment should have been entered.
If the amount for which judgment was taken is found on -computation to be too great, the excess may be remitted by the defendant in error, and the judgment for the correct amount affirmed; if this is declined, the judgment will be reversed.
The second error assigned is that the judgment is made to bear interest at the rate of seven per cent, payable quarterly until paid.
The contract is merged in the judgment, and its-terms are, therefore, no longer operative. At common law, judgments did not draw interest, nor would they do so in Ohio, in the absence of statutory provisions on the subject. The statute requires the judgment in this case to bear seven per cent, per annum, from its rendition till payment, without rests.
The order requiring the interest on the judgment to be paid quarterly was unauthorized and therefore erroneous. If, however, the defendant in error will enter in the Court of Common Pleas a modification of the judgment in this respect, or a remittitur of the right to receive more than *628 seven per cent, on the judgment, computed without rests, the judgment will be affirmed; othewise, it will be reversecU
MoIlvaine, C. J., Welch, White, and Rex, JJ., concurred